UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 12-20575-CIV-HUCK/BANDSTRA

ANDRES DUQUESNE,

    Plaintiff,

v.

THE CITY OF MIAMI BEACH,
a municipal corporation,
PHILLIPPE ARCHER, individually,
MICHAEL MULEY, individually, and
BERNADETTE MAHER, individually.

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS**

    This matter is before the Court on Defendants Phillippe Archer, Michael Muley, and Bernadette Maher's Motion to Dismiss Counts I-VII of the Amended Complaint of Plaintiff Andres Duquesne (D.E. #18) and Defendant City of Miami Beach's Motion to Dismiss Counts I, III, and VIII of Plaintiff's Amended Complaint (D.E. #25).  Since both motions concern the same Amended Complaint (D.E. #15), the Court considers the two motions together.  The relevant responses and replies have been filed and each motion is ripe for adjudication.  For the reasons stated below, the Court GRANTS Defendants' Motion to Dismiss with respect to Counts I (as relates to Defendants Archer and Muley), III (as relates to Defendant Archer), V, VII (as relates to Defendant Maher), and VIII with leave to amend, and DENIES Defendants' Motion to Dismiss with respect to Counts I (as relates to the Defendant City), II, III (as relates to the Defendant City), IV, VI, and VII (as relates to Defendants Archer and Muley).

**I.    BACKGROUND**

    This case is an action by Plaintiff Andres Duquesne ("Plaintiff") against three Miami Beach police officers, Defendants Phillippe Archer, Michael Muley, and Bernadette Maher (the "Individual Defendants") and the City of Miami Beach ("City," and collectively with the

1

Individual Defendants, "Defendants"). Plaintiff alleges in his Amended Complaint, among other things, that, on or about February 16, 2008, Defendant Archer accosted him, without presenting himself as a police officer, while he was buying a newspaper. D.E. #15, ¶¶24-25. Plaintiff was holding a lottery ticket and a closed 32-ounce Heineken beer bottle in a brown paper bag. *Id.* at ¶¶22-23. After telling Archer to "get lost," Plaintiff walked away from Archer and Archer began to follow Plaintiff in a vehicle without a police insignia. *Id.* at ¶¶25-28. Upon approaching a police car for help, Plaintiff encountered Defendant Maher. *Id.* at ¶31. Maher patted him down, purportedly for running away from a police officer, handcuffed him and put him in the back seat of her police car. *Id.* at ¶¶32, 34. There, Defendant Muley opened the door and punched Plaintiff in the face. *Id*. at ¶35. Then, Archer and an unknown police officer punched him in the face as well. *Id.* at ¶¶36, 38. Maher then drove Plaintiff to the Miami Beach Police Department where Muley and Archer beat him further. *Id.* at ¶¶39-40. Later, Plaintiff was charged with (1) Battery on a Law Enforcement Officer; (2) Possession of Cocaine; (3) Resisting without Violence; and (4) Drinking in Public. *Id.* at ¶45. After being jailed for 340 days, Plaintiff had a trial. *Id.* at ¶51. The Individual Defendants, however, did not appear to testify and the State of Florida dropped all charges against Plaintiff. *Id.* at ¶53.

Plaintiff now brings this civil action for battery against the City, Archer, and Muley (Count I), battery against Archer and Muley individually (Count II), false arrest against the City and Archer (Count III), false arrest against Archer individually (Count IV), malicious prosecution against Archer individually (Count V), violation of 42 U.S.C. §1983 and of the Fourth Amendment for unreasonable seizure against all Individual Defendants (Count VI), violation of 42 U.S.C. §1983 and of the Fourth Amendment for excessive use of force against all Individual Defendants (Count VII), and negligent hiring, retention and supervision against the City (Count VIII). D.E. #15, at ¶¶54-123.

In their Motion to Dismiss, the Individual Defendants make three separate arguments for dismissal of Counts II, IV, V, VI, and VII of Plaintiff's Amended Complaint[1]: first, that Counts II, VI, and VII should be dismissed for pleading separate legal claims against multiple

---

[1] The Individual Defendants also argue for the dismissal of Counts I and III as each relates to the Individual Defendants, including an argument that Plaintiff's official capacity claims against the Individual Defendants in Counts I and III should be dismissed as duplicative of the claims against the City. Plaintiff, however, has withdrawn his claims against the Individual Defendants in Counts I and III. *See* D.E. #21, p. 3. Accordingly, this Order does not discuss these arguments.

defendants in a single count in violation of Fed. R. Civ. P. 10(b); second, that Counts IV, V, VI, and VII should be dismissed for failure to state a claim for which relief can be granted in violation of Fed. R. Civ. P. 12(b)(6) and 8(a)(2); and third, that Counts II, IV, and V should be dismissed because the Individual Defendants are afforded immunity as to state claims pursuant to Florida Statute § 768.28(9)(a).

In its Motion to Dismiss, the City makes two arguments for dismissal of Counts I, III, and VIII of Plaintiff's Amended Complaint:  first, that Counts I and III should be dismissed pursuant to Florida Statute § 768.28(9)(a) because the allegations fail to state a vicarious liability claim against the City for battery and false arrest since the conduct described in the Amended Complaint can only be characterized as actions taken in bad faith or with malicious purpose; second, that Count VIII should be dismissed for failure to state a claim for which relief can be granted in violation of Fed. R. Civ. P. 12(b)(6) and 8(a)(2).

## II. LEGAL ANALYSIS

### a. Pleading Separate Legal Claims Against Multiple Defendants in a Single Count

The Individual Defendants first argue that Counts II, VI, and VII should be dismissed for pleading separate legal claims against multiple defendants in a single count in violation of Fed. R. Civ. P. 10(b). Rule 10(b) states, in pertinent part, that:

> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count.

Fed. R. Civ. P. 10(b). The Individual Defendants argue that a single count may not assert a claim against more than one Defendant. As an example, they argue that Plaintiff's allegations of battery against both Archer and Maher within Count II violate Rule 10(b). *See* D.E. #22, p. 2. Likewise, they claim that Counts VI and VII, which include allegations against all three Individual Defendants, must be dismissed for pleading "separate legal claims against multiple Defendants in a single count." *Id.* According to the Individual Defendants, "[b]ecause Plaintiff combines multiple claims against multiple Defendants in the same counts, it is impossible to discern which specific allegations are addressed toward each or all of the Defendants." D.E.

#18, p. 4. The Individual Defendants claim that Plaintiff should be required to re-plead each claim against Defendants in separate counts. *Id.*

Plaintiff, in his Response, does not directly address this argument or the case law cited by the Individual Defendants. *See generally* D.E. #21. Nonetheless, the Court has reviewed Fed. R. Civ. P. 10(b) and the two cases cited by the Individual Defendants to support their proposition. For the reasons stated below, the Court finds that neither the plain language of Rule 10(b) nor the case law cited by the Defendants requires the Court to find that Plaintiff must re-plead these allegations in separate counts.

First, the plain language of the rule says that only claims "founded on a separate transaction or occurrence" must be stated in a separate count. Accordingly, claims founded on the same transaction or occurrence may be pled together in the same count. *See, e.g., Woodburn v. State Dep't of Children & Family Services*, 2012 U.S. Dist. LEXIS 68348, at *13-14 (S.D. Fla. Apr. 17, 2012) (finding that plaintiff's complaint did not violate Rule 10 where a count against two defendants "raise[d] the same claims and relate[d] to the same occurrences"). Here, the alleged punching and beating by Defendants Archer and Muley supporting Count II occurred on the same day as part of the same incident. Thus, the battery allegations against Archer and Muley in Count II are part and parcel of the same transaction or occurrence and need not be re-plead in separate counts.[2] Likewise, the allegations against all three Individual Defendants with respect to an unreasonable seizure and excessive use of force derive from the same incident on the same day. Plaintiff has already divided these two legal claims into separate counts (Counts VI and VII). It is not necessary for Plaintiff to further subdivide these counts to isolate each Defendant since the alleged deprivation of rights by all three officers was part of the same transaction or occurrence. Accordingly, under the plain language of Rule 10(b), the Court finds that Plaintiff need not re-plead these allegations in separate counts.

Furthermore, the Individual Defendants cite no case law that would suggest a different result. The first case they cite, *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364 (11th Cir. 1996), concerned a complaint whereby six counts each alleged violations of multiple different laws, including the due process and equal protection clauses of the 5th and 14th Amendments, and Article I, Sections 2 and 9 of the Florida Constitution. The

---

[2] Plaintiff, in his Response, states that the reference to Maher in paragraph 65 of Count II should have instead referred to Muley. Plaintiff will have the opportunity to correct this error in a Second Amended Complaint.

4

Court found that it was virtually impossible to know which allegations of fact were intended to support which claims for relief. *See Anderson*, 77 F.3d at 366. In the instant case, each count is limited to a single legal claim brought against one or more of the three Individual Defendants. The general allegations, which are incorporated by reference into each count, make clear which allegations of fact support which claims for relief and each Individual Defendant is named with respect to each action taken. The Court therefore does not face the problems here that it faced in *Anderson*. Accordingly, A*nderson* does not control the instant case.

The second case Defendants cite, *Dennis v. City of North Miami, et al*, 2008 WL 783737 (S.D. Fla. 2008), concerned a complaint with sixteen counts against eight defendants. The complaint was seventy-five pages long and was rambling and disorganized. *See Dennis*, 2008 WL 783737 at *3. Most of the counts were against multiple defendants, but the plaintiff did not sufficiently specify how each particular defendant committed the alleged offense. *See id*. No such pleading defect is apparent in the instant case. The Court therefore does not face the problems here that it faced in *Dennis.* Accordingly, *Dennis* too fails to guide this Court's decision. For the above reasons, the Court finds that Counts II, VI, and VII do not violate Rule 10(b). Therefore, there is no need for Plaintiff to re-plead these claims in a more definite manner.

### b. <u>Failure to State a Claim For Which Relief Can Be Granted</u>

The Individual Defendants next argue that Counts IV, V, VI, and VII should be dismissed for failure to state a claim for which relief can be granted in violation of Fed. R. Civ. P. 12(b)(6) and 8(a)(2). The City argues that Count VIII should be dismissed on the same grounds.

#### i. *Standard of Review*

It is well established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8)). While a complaint "does not require 'detailed factual allegations,' . .

5

. it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein and all reasonable inferences drawn therefrom as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; *see also Sinaltrainal*, 578 F.3d at 1260 ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.").

### ii. Count IV, False Arrest Against Archer

The Individual Defendants first argue that Plaintiff fails to state a claim upon which relief can be granted for false arrest against Archer. Under Florida law, false arrest is "the unlawful restraint of a person against that person's will.'" *Miami-Dade Cnty v. Asad, et. al.*, 2012 WL 205709 (Fla. 3d DCA Jan. 25, 2012) (quoting *Willingham v. City of Orlando*, 929 So. 2d 43, 48 (Fla. 5th DCA 2006). Probable cause is an affirmative defense to a claim of false arrest and thus need not be alleged by the Plaintiff in the complaint. *Asad*, 2012 WL 205709; *see also Jackson v. Navarro*, 665 So. 2d 340, 342 (Fla. 4th DCA 1995) (holding that probable cause is not an element which plaintiff must prove, but is an affirmative defense against any claim of false arrest).

The Individual Defendants claim that Plaintiff's Amended Complaint is contradictory and does not include all facts about the arrest. As an example, the Individual Defendants observe that Plaintiff recognized that he was charged with multiple offenses, but argue that Plaintiff did not include specific facts about the nature of the arrest. *See* D.E. #18, p. 7. The Individual Defendants accordingly claim that Plaintiff's false arrest claims do not sufficiently allege facts suggesting plausibility of false arrest as opposed to possibility. *See id.* In addition, the Individual Defendants claim that Plaintiff's allegations concede resisting arrest without violence since Plaintiff told Officer Archer to "get lost" before he walked away. *See id.; see also* D.E. #15. ¶¶26-27.

The Court disagrees. Given that the Court must accept Plaintiff's allegations as true, the Court is not permitted to deduce from the charges brought against Plaintiff that additional material facts are necessarily omitted. While Plaintiff was charged with battery on a law enforcement officer, possession of cocaine, resisting without violence, and drinking in public, his allegations specifically deny battery on a law enforcement officer (*see* D.E. #15, ¶96) and drinking in public (*see* D.E. #15, ¶23). With respect to resisting without violence, Defendants neglect to recognize that Plaintiff alleged that he did not recognize Archer to be a police officer because Archer allegedly did not disclose the common incidents associated with being a police officer. Plaintiff alleges that Archer did not disclose his badge, weapon or radio and approached him from a vehicle without a police insignia. *See* D.E. #15, ¶25. Thus, the allegations do not suggest that Plaintiff was resisting arrest. While Plaintiff neither admits nor denies possessing cocaine, Plaintiff describes what he was holding when Archer approached him. *See* D.E. #15, ¶23. Plaintiff's allegations do not suggest any facts that would arouse an officer's reasonable suspicion.

Moreover, Plaintiff explicitly alleges facts supporting the elements of false arrest. He alleges that he was accosted and followed by Archer for no reason, which led to his arrest and subsequent imprisonment for nearly one year. D.E. #15, ¶24, 28, 34, 45, 49, 89. Such facts, if accepted as true, plausibly suggest that Plaintiff was restrained by Archer against his will. Moreover, in the absence of facts suggesting a lawful arrest, the Court may draw the reasonable inference based on the facts at its disposal that this arrest was unlawful. Accordingly, Plaintiff has properly stated a claim for false arrest against Archer.

*iii. Count V, Malicious Prosecution Against Archer*

The Individual Defendants next argue that Plaintiff fails to state a claim upon which relief can be granted for malicious prosecution against Archer. To state a cause of action for malicious prosecution, Plaintiff must sufficiently allege:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Valdes v. GAB Robins N. Am., Inc.*, 924 So. 2d 862, 866 n.1 (Fla. 3d DCA 2006). The Individual Defendants claim that Plaintiff failed to state elements 2 through 6.[3] *See* D.E. # 18, at 9. These elements are each considered in turn.

The second element requires that the present defendant – Archer – was the legal cause of the original proceeding against the present plaintiff – Duquesne – as the defendant in the original proceeding. Plaintiff's allegations make it clear that Plaintiff was the defendant in the original proceeding, but the allegations are not clear that Archer was the legal cause of the original proceeding. As a general rule, police officers cannot be the legal cause of a prosecution because the decision to prosecute is made by the State attorney, not the police officer. *See Albright v. Oliver*, 510 U.S. 266, 279, n.5 (1994) (Ginsburg, J., concurring) ("The principal player in carrying out a prosecution . . . is not police officer [sic] but prosecutor."); *see also Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996) ("the State's Attorney, not the police, prosecutes a criminal action."). This breaks the chain of causation between the actions of the police officer and the subsequent prosecution. *See Reed*, 77 F. 3d at 1053. Merely giving a statement to the proper authorities, but leaving the decision to prosecute entirely to the uncontrolled discretion of the State attorney is not regarded as having instigated the proceeding. *See McCraney v. Barberi*, 677 So. 2d 355, 357 (Fla. 1st DCA 1996). Police officers nonetheless can be considered the legal cause of a prosecution if they exert pressure or influence over a prosecutor or make knowing misstatements to the prosecutor. *See id.* ("if the defendant's persuasion is the

---

[3] The Court notes that the first element is satisfied as Plaintiff has alleged that criminal charges, and indeed a trial, were commenced against him. D.E. # 15, ¶¶ 50-53.

determining factor in inducing the [state attorney's] decision or if he gives information which he knew to be false and so unduly influences the authorities, then the defendant may be held liable."); *see also Reed*, 77 F. 3d at 1053 ("the chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor."). While the Amended Complaint alleges that Archer "charged"[4] Plaintiff with various crimes, this is not sufficient to allege that Archer is the legal cause of the original proceeding against Plaintiff. There is no allegation that Archer exerted pressure or influence on the prosecutor or made any false statements to the prosecutor to instigate the proceeding. Accordingly, Plaintiff has failed to state the second element of a malicious prosecution. Plaintiff may seek to cure this deficiency in an amended complaint.

The third element is that the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff. A bona fide termination means the following:

> that the first suit, on which the malicious prosecution suit is based, ended in a manner indicating the original defendant's (and current plaintiff's) innocence of the charges or allegations contained in the first suit, so that a court handling the malicious prosecution suit, can conclude with confidence, that the termination of the first suit was not only favorable to the defendant in that suit, but also that it demonstrated the first suit's lack of merit. Therefore, suits that terminate because of technical or procedural reasons or considerations other than the merits of the first suit, are not "bona fide terminations" and will not support a malicious prosecution suit.

*Valdes*, 924 So. 2d at 866. Here, Plaintiff has adequately alleged a bona fide termination of the original proceeding because he has alleged that the criminal charges against him were dropped because the testifying officers—the Individual Defendants—failed to appear. D.E. # 15, ¶ 53. This is sufficient to allege a bona fide termination.[5]

---

[4] The Court notes that a police officer does not have the authority to "charge" a person with crimes. The Court assumes that Plaintiff uses the phrase "charged [Plaintiff] with" to mean "arrested Plaintiff for."

[5] Bona fide termination includes "abandonment of the prosecution by the prosecuting attorney or the complaining witness." *Gatto v. Publix Supermarket, Inc.*, 387 So.2d 377, 381-82 (Fla. 3d DCA 1980) (quoting Prosser, Torts § 119 (4th ed. 1977) at 839) ("It will be enough that the proceeding is terminated in such a manner that it cannot be revived, and the prosecutor, if he proceeds further, will be put to [start] a new [proceeding].").

The fourth element is an absence of probable cause for the original proceeding. Here, Plaintiff explicitly alleges an absence of probable cause for the criminal proceeding. D.E. # 15, ¶ 83. Moreover, accepting the facts alleged as true, no facts suggest there was probable cause to charge Plaintiff with battery on a law enforcement officer, possession of cocaine, resisting with violence, and drinking in public. Thus, the facts support the allegation that there was an absence of probable cause. Plaintiff has sufficiently alleged the fourth element.

The fifth element is malice on the part of the present defendant. To the extent this Court accepts as true the alleged facts in the Amended Complaint which suggest no reasonable basis for Plaintiff's arrest or for beating the Plaintiff, the Court can reasonably infer that Archer's actions were driven by malice. This state of mind is supported by Plaintiff's allegations. D.E. # 15, ¶¶ 36, 40, 43, 44, 46. Furthermore, Plaintiff has explicitly alleged malice, which may be alleged generally. Fed. R. Civ. P. 9(b). Thus, Plaintiff has sufficiently alleged the fifth element.

The final element is that the plaintiff suffered damage as a result of the original proceeding. Plaintiff has alleged that he suffered emotional distress, pain, suffering, public humiliation, embarrassment, damage to his good name and reputation, loss of personal liberty, and financial losses. *See* D.E. # 15, ¶ 86. Individual Defendants do not appear to contest this to any extent at this time. In any event, the general factual allegations support Plaintiff's allegations of damages. *See generally* D.E. # 15, ¶¶ 35-53 (alleging, *inter alia*, injuries that required treatment at a hospital and being jailed for nearly one year). Thus, Plaintiff has sufficiently alleged damages.

Accordingly, as described above, Plaintiff has sufficiently alleged all elements of a malicious prosecution except the second element, legal cause. Therefore, the Individual Defendants' Motion to Dismiss is granted with respect to Count V. Plaintiff may seek to cure this deficiency in an amended complaint.

### iv.  *Count VI, Unreasonable Seizure Against Archer, Muley, and Maher*

The Individual Defendants next argue that Plaintiff fails to state a claim for an unreasonable seizure because Plaintiff's allegations are merely conclusory.[6]

---

[6] The Individual Defendants also argue, again, that, with respect to Counts VI and VII, Plaintiff has improperly lumped separate and distinct claims together in violation of Fed. R. Civ. P. 10. The Court has already disposed of the Individual Defendants' Rule 10 argument in the analysis above.

Section 1983 creates a private right of action for damages and injunctive relief against individuals and government bodies. 42 U.S.C. § 1983. To state a claim under Section 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under the color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or the laws of the United States." *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985) (citation omitted). Simply stated, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that the conduct deprived plaintiff of a constitutional right. 42 U.S.C. § 1983. In this case, the constitutional right at issue is Plaintiff's right under the Fourth Amendment "to be secure in [his] person[] . . . against unreasonable . . . seizures." US Const. Amend. IV.

Here, there is no question that the Individual Defendants, in their capacity as police officers, were acting under color of state law. In addition, the Court finds that Plaintiff has alleged sufficient facts to create a plausible inference that all three officers deprived Plaintiff of his right to be free from an unreasonable seizure. Plaintiff has alleged that Archer caused Plaintiff to be initially seized when he accosted him and proceeded to follow him (D.E. #15, ¶¶24-29), Maher handcuffed Plaintiff and put him in the back seat of her police car (D.E. #15, ¶34), and Muley, by punching Plaintiff, contributed to the seizure of Plaintiff in the police vehicle (D.E. #15, ¶35). The facts alleged, taken as true, do not suggest reasonable suspicion or probable cause for such seizure. These alleged facts are not mere legal conclusions. Accordingly, Plaintiff has plausibly stated a claim for an unreasonable seizure against the Individual Defendants.

> v. *Count VII, Excessive Use of Force Against Archer, Muley, and Maher*

The Individual Defendants last argue that Plaintiff fails to state a claim for excessive force because Plaintiff's allegations are merely conclusory.[7] In addition, the Individual Defendants argue that Plaintiff improperly asserts a claim against Maher for excessive force because "there is no allegation Maher ever touched Plaintiff." D.E. #18, p. 12.

This Count, like the previous one, is a Section 1983 claim. The right not to be subjected to excessive force similarly derives from Plaintiff's right under the Fourth Amendment "to be secure in [his] person[] . . . against unreasonable searches and seizures." US Const. Amend. IV.

---

[7] *See supra* note 5.

11

Again, there is no question that the Individual Defendants, in their capacity as police officers, were acting under color of state law. Moreover, the Court finds that Plaintiff has alleged sufficient facts to state a claim for excessive force against Archer and Muley. Plaintiff alleged that Archer and Muley each punched Plaintiff in the face in the police car, beat Plaintiff at the Miami Beach Poilce Department, and further punched and kicked him for no reason. *See* D.E. #15, ¶¶35, 36, 40, 44, 46. This led Plaintiff to have a "swollen eye, busted lip, and blood in multiple spots on his face." Id. at ¶47. These alleged facts are not mere legal conclusions. Accordingly, Plaintiff has plausibly stated a claim of excessive force against Archer and Muley.

With respect to Maher, Plaintiff made no allegations that Maher used force against Plaintiff, but Plaintiff alleged that Maher handcuffed Plaintiff, put him in the back seat of the police car, and drove the police car to the Miami Beach Police Department. *See* D.E. #15, ¶¶34, 39. Given Maher's general presence, Maher may have also been present when Muley and Archer allegedly punched Plaintiff in the face while he was handcuffed in the back seat of the police car. *See* D.E. #15, ¶¶35, 36. This, however, is not alleged. There are also no allegations that Maher made any effort to intervene in this alleged use of force or prevent further use of force. Only after allegedly witnessing further use of force at the police station did Maher exclaim "stop." *See id.* at ¶¶41, 44. While the Individual Defendants are correct that there are no allegations that Maher used any force against Plaintiff, a police officer "who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance" under Section 1983. *Btesh v. City of Maitland*, 2010 U.S. Dist. LEXIS 19815 at *16 (M.D. Fla. Mar. 5, 2010) quoting *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007). "For this principle to apply, the non-intervening officer must have been in a position to intervene, yet failed to do so." *Btesh*, 2010 U.S. Dist. LEXIS 19815 at *17 citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1330-31 (11th Cir. 2008). Here, Plaintiff has failed to plead that Maher was in a position where she could have anticipated and stopped Archer and Muley from punching and beating Plaintiff. Accordingly, Plaintiff has failed to state a claim of excessive force against Maher for failing to intervene in Archer's and Muley's use of force. If, however, Maher was present during the initial punching of Plaintiff in the back seat of the police car and failed to intervene, the Court would find such a fact sufficient to state a claim of excessive force against Maher. Plaintiff will have the opportunity to amend his complaint to clarify this.

*vi. Count VIII, Negligent Hiring, Retention and Supervision Against City*

The City argues that Plaintiff fails to state a claim under Count VIII for negligent hiring, retention and supervision of Defendant Muley. The City claims that Plaintiff offers no reason that Officer Muley should not have been hired, and only lists two vague incidents over a twelve year period in Muley's career to support the claim that Muley should not have been retained or was inadequately supervised. *See* D.E. #25, p.1.

A cause of action for negligent hiring, retention and supervision is well-established in Florida. *See Mallory v. O'Neil*, 69 So. 2d 313, 315 (Fla. 1954) (adopting the doctrine underpinning negligent supervision). "[A]n employer is liable for the willful tort of his employee committed against a third person if he knew or should have known that the employee was a threat to others." *Tallahassee Furniture Co., Inc. v. Harrison*, 583 So. 2d 744, 750 (Fla. 1st DCA 1991) (quoting *Williams v. Feather Sound, Inc.*, 386 So. 2d 1238, 1239-40 (Fla. 2d DCA 1980). "Liability attaches when an employer (1) knows or should know about the offending employee's unfitness and (2) fails to take appropriate action." *Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284, 1298 (M.D. Fla. 2006) (citing *Garcia v. Duffy*, 492 So. 2d 435, 438-39 (Fla. 2d DCA 1986)).

"The principal difference between negligent hiring and negligent retention, as a basis for employer liability, is the time at which the employer is charged with knowledge of the employee's unfitness." *Magill v. Bartlett Towing, Inc.*, 35 So. 3d 1017, 1020, n.1 (Fla. 5th DCA 2010). "Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness. In negligent hiring cases, a primary focus is whether the employer conducted an adequate pre-employment investigation into the prospective employee's background." *Id.* "Negligent retention occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action, such as investigation, discharge, or reassignment." Citing *Garcia v. Duffy*, 492 So. 2d 435, 438-39 (Fla. 2d DCA 1986)).

Here, Plaintiff does not allege any incidents from Muley's history before being hired as a Miami Beach police officer. Accordingly, Plaintiff fails to state a claim for negligent hiring.

With respect to negligent retention and supervision, Plaintiff alleges two instances where Muley allegedly used excessive force while employed by the City: first, in July 2000, Muley allegedly shot at a suspect and subsequently claimed that the suspect attempted to drive over Muley; second, in January 2005, Muley allegedly shot a mentally ill man twice, critically injuring him, for the sole reason that the man supposedly attacked Muley who was in plain clothes. *See* D.E. #15, ¶115. Plaintiff concedes its belief that the City investigated the allegations, but argues that the City failed to supervise, discipline, re-train, suspend, or relieve Muley of duty. *See id.* at ¶¶119-120. Since Plaintiff concedes that there was an investigation, Plaintiff fails to show that the City failed to take further action upon becoming aware of a potential problem with Muley. The City points out, moreover, that there was indeed an investigation of the January 2005 incident. The City directs the Court's attention to *Robbins v. City of Miami Beach*, Case No. 1:09-cv-20804-WMH, D.E. #88-2 and 88-3. The Court is permitted to take judicial notice of such facts since "[p]ublic records are among the permissible facts that a district court may consider" without converting the motion to dismiss into a motion for summary judgment. *See Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. Fla. 2006). The public record not only shows two investigations of the January 2005 incident by the Miami-Dade State Attorney's Office and by the Miami Beach Police Department's Criminal Investigations Units, but it also shows that they found that the January 2005 shooting was justified. *See Robbins v. City of Miami Beach*, Case No. 1:09-cv-20804-WMH, D.E. #88-2 and 88-3. This refutes Plaintiff's allegations that the January 2005 incident gave the City knowledge that Muley was unfit for the job and that the City failed to take action. This leaves only threadbare allegations that the other alleged incident from twelve years ago should have put the City on notice about Muley's lack of fitness. Yet, the allegations fail to provide any facts to suggest that Muley used excessive force in the July 2000 incident. They only state that Muley allegedly shot at a suspect. See D.E. #15, ¶115. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. Here, Plaintiff's allegations give no factual details that the City should have been aware of problems with Muley indicating his unfitness or that the City failed to investigate events that may have shown Muley's unfitness. They certainly do not show "a history of using force and trying to justify it later" as Plaintiff claimed in his response. D.E. #28, p.3. The allegations

therefore do not constitute a plausible explanation for the wrong alleged. Accordingly, Plaintiff has failed to state a clam for negligent retention and supervision. Plaintiff may seek to cure this deficiency in an amended complaint.

### c. Immunity Under Florida Statute § 768.28(9)(a)

The Individual Defendants last argue that Counts II (battery),[8] IV (false arrest) and V (malicious prosecution) should be dismissed because the Individual Defendants are afforded immunity as to state claims because Plaintiff has failed to allege that any such officer acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a). The City, for diametrically opposed reasons, argues that Counts I (battery) and III (false arrest) should be dismissed with respect to the City because the allegations against the Individual Defendants "can only be characterized as actions taken in bad faith or with malicious purpose such that liability against the City for these actions is precluded by Fla. Stat. § 768.28(9)(a)." D.E. #25, p. 1.

In pertinent part, Florida Statute § 768.28(9)(a) states the following:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, *unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property*. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity . . . *unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property*. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment *or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property*.

---

[8] The Individual Defendants, in their original Motion to Dismiss, only argue that Count I (battery) should be dismissed on these grounds. Since the Individual Defendants refer to Count II as being duplicative of Count I, the Court gives the Individual Defendants the benefit of the doubt that they intended to seek the dismissal of Count II on the same grounds.

15

Fla. Stat. § 768.28(9)(a) (emphasis added). In other words, if the Court finds that the Individual Defendants, as police officers acting within the scope of their employment, acted in bad faith[9] or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, this will mean that the Individual Defendants may be held personally liable in tort and the City will not be liable for such actions. If, on the other hand, the Court finds that the Individual Defendants, as police officers acting within the scope of their employment, did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, this will mean that the Individual Defendants shall not be held personally liable in tort, and liability, if any, for such injury or damage suffered as a result of such officer's actions will be borne by the City.

The Individual Defendants, in seeking the dismissal of Counts II, IV, and V, rely on the same argument for each Count: that Plaintiff has failed to allege bad faith, malice, or a wanton and willful disregard of human rights, safety, or property, except in a conclusory fashion. In other words, Defendant argues that Plaintiff's allegations of malice with respect to battery (*see* D.E. #15, ¶65), false arrest (*see id.* at ¶76), and malicious prosecution (*see id.* at ¶82) are merely conclusory. Allegations of bad faith, malice, or wanton and willful disregard of human rights, safety, or property may not be stated as mere legal conclusions, but instead must be supported by facts. *See P.C.B. Partnership v. City of Largo*, 549 So. 2d 738, 741 (Fla. 2d DCA 1989) (allegations in the amended complaint that the commissioners acted maliciously, wantonly and willfully were insufficient where there was no allegation that the commissioners acted in any manner other than legislatively.). Here, as discussed above, Plaintiff has alleged ample facts with respect to each of these Counts to plausibly allege malice. Accordingly, accepting these allegations as true, Archer and Muley are not immune from personal liability if the allegations of malice in the Amended Complaint are proven under Counts II, IV, and V on account of Florida Statute § 768.28(9)(a). Thus, it would be improper to dismiss Counts II, IV, and V against Archer and Muley at this time.

The City may only be liable if the Individual Defendants did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights,

---

[9] "Although the statute does not define 'bad faith,' under section 768.28(9)(a), '[b]ad faith has been equated with the actual malice standard.'" *Drudge v. City of Kissimmee*, 581 F. Supp. 2d 1176, 1195 (M.D. Fla. 2008) quoting *Parker v. Fla. Bd. of Regents*, 724 So. 2d 163, 167 (Fla. 1st DCA 1998) (alteration in original).

safety, or property. The City, in seeking dismissal of Counts I and III, argues that such a finding cannot follow under any construction of the facts alleged in Plaintiff's Amended Complaint. *See* D.E. #31, p. 3. In other words, the facts alleged in Plaintiff's Amended Complaint can only lead to a finding that the Individual Defendants acted with malice. *See* D.E. #25, p. 7; *See* also D.E. #31, pp. 2-4. The Court disagrees. While the City is correct that proof of malice would shield the City from liability for these acts, the Court cannot prejudge the outcome of this litigation at trial based on the pleadings unless the Plaintiff bases his claim solely upon allegations of bad faith, malicious purpose, or wanton and willful disregard of human rights, safety, or property. *See Drudge*, 581 F.Supp.2d at 1196 ("Inasmuch as Ms. Drudge has alleged as the sole basis for this claim that the KPD officers committed false arrest through "willful and wanton" conduct, the City could not be liable for false arrest in any event."); *see also Willis v. Dade County Sch. Bd.*, 411 So. 2d 245, 246 (Fla. 3d DCA 1982) (without indicating whether the complaint alleged malice in the alternative, Court found that a complaint alleging "malicious" assault and battery failed to state a cause of action against the Dade County School Board pursuant to Section 768.28).

Here, Plaintiff alleges malice in the alternative in the battery and false arrest counts brought against Defendants Archer and Muley (Counts II and IV) as is permitted under Fed. R. Civ. P. 8. *See* D.E. #15, ¶¶62, 75. The allegations of battery and false arrest against the City (Counts I and III) do not allege malice. Plaintiff explicitly relies in his Amended Complaint on *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996), which makes clear that "[i]n any given situation either [the City] can be held liable under Florida Law, or the employee, but not both." Therefore, the City may be held liable "for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent" if the act is within the course and scope of the Individual Defendant's employment and is not committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property (*see* Fla. Stat. § 768.28(9)(a)). The facts alleged in this case are different from a sexual battery case where no construction of the facts alleged could support a cause of action against the City for vicarious liability for the sexual battery. *Cf. Casey v. City of Miami Beach*, 789 F. Supp. 2d 1318 (S.D. Fla. 2011). Whereas sexual battery is never within the arsenal of tools granted to the police, punching, kicking, and arresting are frequently tools police officers may use in good faith. Accordingly, it would be improper to dismiss Counts I and III against the City at this time.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss with respect to Counts I (as relates to Defendants Archer and Muley), III (as relates to Defendant Archer), V, VII (as relates to Defendant Maher), and VIII with leave to amend, and DENIES Defendants' Motion to Dismiss with respect to Counts I (as relates to the Defendant City), II, III (as relates to the Defendant City), IV, VI, and VII (as relates to Defendants Archer and Muley). If Plaintiff seeks to amend his Amended Complaint, Plaintiff must file his Second Amended Complaint with this Court on or before August 23, 2012.

DONE AND ORDERED in Chambers, Miami, Florida, July 26, 2012.

_____
Paul C. Huck
United States District Judge

<u>Copies furnished to</u>:
All counsel of record